Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000709
21-JUN-2019
07:54 AM

NO. CAAP-18-0000709

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, Plaintiff-Appellee,
v.
DAVID LUKELA KAWELO, SR.; DAVID L. KAWELO, SR. AS TRUSTEE UNDER
THAT CERTAIN UNRECORDED DAVID L. KAWELO, SR. REVOCABLE LIVING
TRUST DATED APRIL 28, 2001; ROCHELLE NOHEA KAWELO; ROCHELLE N.
KAWELO AS TRUSTEE UNDER THAT CERTAIN UNRECORDED ROCHELLE N.
KAWELO REVOCABLE LIVING TRUST DATED APRIL 28, 2001,
Defendants-Appellants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-1632-06)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Hiraoka, JJ.)

Self-represented Defendants-Appellants David Lukela
Kawelo, Sr. and Rochelle Nohea Kawelo (collectively, the
**Kawelos**)[1] appeal from the Judgment (**Confirmation of Sale
Judgment**) in favor of Plaintiff-Appellee JPMorgan Chase Bank,
National Association (**Chase**) entered by the Circuit Court of the
First Circuit (**Circuit Court**)[2] on October 2, 2018. The
Confirmation of Sale Judgment was entered upon the Circuit
Court's order granting Chase's motion for confirmation of the
foreclosure sale of the Kawelos's former property, also entered
on October 2, 2018. The Kawelos contend that:

---

[1] David L. Kawelo, Sr. as Trustee under that Certain Unrecorded
David L. Kawelo, Sr. Revocable Living Trust Dated April 28, 2001 and
Rochelle N. Kawelo as Trustee under that Certain Unrecorded Rochelle N. Kawelo
Revocable Living Trust Dated April 28, 2001 were also named as defendants but
are not parties to this appeal.

[2] The Honorable Jeannette H. Castagnetti signed the Confirmation of
Sale Judgment.

1.      Chase lacked standing to maintain this foreclosure action;

2.      the foreclosure action was premature because the Kawelos were involved in a "loss mitigation process," and

3.      the Circuit Court should have given them more time to respond to the foreclosure complaint and conduct discovery.

For the reasons explained below, we affirm the Confirmation of Sale Judgment.

### I.

On May 14, 2008, the Kawelos executed a promissory note for $303,738.00 **(Note)** in favor of Amera Mortgage Corporation **(Amera)**. Amera endorsed the Note to Chase. Chase endorsed the Note in blank. The Note was secured by a mortgage **(Mortgage)** on the Kawelos's real property located at 89-906 Ihuku Street in Waiʻanae, Hawaiʻi **(Property)**. The Mortgage was recorded in the State of Hawaiʻi Bureau of Conveyances **(Bureau of Conveyances)**.

On August 16, 2011, Chase sent letters notifying the Kawelos that they defaulted on the Note by failing to make the payments due on April 1, 2011, and thereafter. The letter stated that Chase would commence foreclosure proceedings without further notice if the Kawelos did not cure the default by September 20, 2011. The Kawelos did not cure their default on the Note. On April 4, 2012, an assignment of the Mortgage from Amera to Chase **(Assignment)** was recorded in the Bureau of Conveyances.

On June 12, 2012, Chase filed a complaint for foreclosure against the Kawelos, individually and as trustees of their respective revocable living trusts. Chase filed an amended complaint for foreclosure **(Amended Complaint)** against the same defendants on October 29, 2012. Rochelle Nohea Kawelo was served with the Amended Complaint on November 7, 2012. David L. Kawelo was served with the Amended Complaint on November 28, 2012. The Kawelos did not file or serve answers or other responses to the Amended Complaint. Their defaults were entered on February 6, 2013, pursuant to Hawaiʻi Rules of Civil Procedure **(HRCP)** Rule

55(a) (eff. 2000).[3] The Kawelos never moved to have their defaults set aside.[4]

On May 2, 2013, Chase filed a motion for default and/or summary judgment and interlocutory decree of foreclosure (**MSJ**). Copies of the Note, Mortgage, and Assignment were attached to a declaration supporting the MSJ. The MSJ was set for hearing at 9:00 a.m. on June 19, 2013. The Kawelos were served with the MSJ by mail on May 3, 2013. The Kawelos did not file an opposition to the MSJ and did not appear at the hearing on the motion. The Circuit Court orally granted the MSJ on June 19, 2013. On July 17, 2013, the Circuit Court entered its Findings of Fact, Conclusions of Law, Order Granting Plaintiff's Motion for Default and/or Summary Judgment Against All Parties and for Interlocutory Decree of Foreclosure (**Foreclosure Order**). Also on July 17, 2013, the Circuit Court entered a judgment (**Judgment of Foreclosure**) that contained a finding that there was no just reason for delay and directing entry of judgment pursuant to HRCP Rule 54(b) (eff. 2000).[5] Notice of entry of the Judgment of Foreclosure was mailed to the Kawelos on July 17, 2013. The Kawelos did not file a notice of appeal from the Judgment of Foreclosure.[6]

On November 7, 2013, without first seeking to have his default or the Judgment of Foreclosure set aside, David Kawelo

---

[3]  HRCP Rule 55 provides, in relevant part:

> (a) <u>Entry</u>. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

[4]  HRCP Rule 55 provides, in relevant part:

> (c) <u>Setting aside default</u>. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

[5]  The Honorable Bert I. Ayabe presided over the June 19, 2013 hearing and signed the Foreclosure Order and Judgment of Foreclosure.

[6]  A notice of appeal would have been due on August 16, 2013, unless the Circuit Court granted an extension of time. Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(a)(1) (eff. 1/2012).

filed an "Affidavit of Remittance in Support of Attached Promissory Note." On November 26, 2013, David Kawelo filed a "Notice of Default." On February 12, 2014, David Kawelo filed an "Affidavit in the Nature Notice of Conditional Acceptance." Rochelle Kawelo did not file any documents and never sought to have her default or the Judgment of Foreclosure set aside.

On April 20, 2015, Chase filed a motion for permission to sell the Property and for instructions from the Circuit Court to the commissioner regarding the foreclosure sale. On May 11, 2015, the Kawelos filed a memorandum in opposition to the motion. They argued, among other things, that Chase lacked standing to foreclose on the Property. Chase's motion was heard on July 28, 2015. The Circuit Court orally granted the motion.

On August 17, 2015, before a written order granting Chase's motion for permission to sell the Property was entered, Rochelle Kawelo filed a notice of bankruptcy and automatic stay pursuant to 11 U.S.C. § 362. On April 28, 2016, Chase filed a report that Rochelle Kawelo had received an order of discharge from the bankruptcy court under 11 U.S.C. § 727, and that her bankruptcy case had been closed.

On January 31, 2017, Chase filed a motion to stay proceedings "to allow for a potential loss mitigation workout" with the Kawelos. The motion was heard on May 2, 2017.[7] Chase made an oral request to withdraw the motion, which was granted. Notice of withdrawal of the motion was filed on July 14, 2017. The notice stated that the Kawelos's loss mitigation request had been rejected. On August 14, 2017, the Kawelos filed a "Memorandum in Opposition to Plaintiff's Notice of Withdrawal of Plaintiff's Motion to Stay Proceedings filed January 31, 2017." They argued, among other things, that Chase lacked standing to foreclose on the Property.

The written order granting Chase's motion for permission to sell the Property without open houses was entered on November 3, 2017. On July 2, 2018, Chase filed a motion for

---

[7] The Honorable Jeannette H. Castagnetti presided at the hearing.

confirmation of the foreclosure sale. The foreclosure commissioner filed a lengthy report on August 6, 2018. The Kawelos filed a memorandum in opposition on August 13, 2018. They argued, among other things, that Chase lacked standing to foreclose on the Property. The motion was heard on August 16, 2018. The Kawelos attended the hearing and addressed the Circuit Court. Interested bidders were also present. Bidding was reopened. The high bid was $335,500, by Cui Mei Ho. The Circuit Court addressed the Kawelos's arguments and granted the motion to confirm the sale.

The Kawelos filed their notice of appeal in the Circuit Court on September 14, 2018. The order approving the commissioner's report and granting Chase's motion for confirmation of the foreclosure sale and the Confirmation of Sale Judgment were both entered on October 2, 2018. This appeal followed.

## II.

In <u>Mortg. Elec. Registration Sys., Inc. v. Wise</u>, 130 Hawai'i 11, 304 P.3d 1192 (2013), the Hawai'i Supreme Court explained that foreclosure cases consist of two separately appealable parts: (1) the order and judgment of foreclosure, and (2) all other orders. <u>Id.</u> at 16, 304 P.3d at 1197. Those two parts are treated as separate proceedings for res judicata purposes. <u>Id.</u> at 17, 304 P.3d at 1198.

The Kawelos's claims in this case — that Chase lacked standing, that the foreclosure action was premature, and that the Circuit Court should have given them more time to respond to the foreclosure complaint and to conduct discovery — could and should have been raised during the first part of this case (assuming the Kawelos were able to have their defaults set aside); i.e., before entry of the Judgment of Foreclosure on July 17, 2013. As noted above, the Kawelos did not move to have their defaults set aside, did not file an opposition to Chase's MSJ, did not appear at the hearing on the MSJ, and did not appeal from the Judgment of Foreclosure. They are thus barred by res judicata from raising

their stated claims in this appeal.  The claims the Kawelos could raise in this appeal are those "unique to" the Confirmation of Sale Judgment, such as a defect in the foreclosure auction or sale confirmation process, see Wise, 130 Hawai'i at 16, 304 P.3d at 1197, or a "grossly inadequate sale price," id. at 18, 304 P.3d at 1199.  Since no such issues have been raised in this appeal, the Confirmation of Sale Judgment is affirmed.

DATED: Honolulu, Hawai'i, June 21, 2019.

On the briefs:

David Lukela Kawelo, Sr.,
Rochelle Nohea Kawelo,
Defendants-Appellants/
Self-Represented.

Matthew C. Shannon,
Andrew D. Chianese,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge